**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | **Crim. No. 19-218 (FAB)** |
| **JORGE L. GARCÍA-MARTÍNEZ** | |

**MEMORANDUM AND ORDER**

On April 15, 2026, the U.S. Probation Office (USPO) filed a motion notifying the Court of Defendant's violations of his conditions of supervised release. Docket No. 38. Among other matters, the USPO alleged that, on April 6, 2026, she learned that Defendant is under investigation by the Puerto Rico Police Bureau (PRPB) for allegedly removing a firearm and fanny pack from the victim of a homicide. Id. The USPO alleged that, even though no charges had been filed, she was given access to video evidence in which she identified Defendant as the person removing items from the crime scene. Id. The USPO alleged that Defendant violated Mandatory Condition No. 1 and Special Condition No. 2: Defendant is not to commit another federal, state or local crime. Id.[1]

The preliminary revocation hearing was held on April 28 and April 30, 2026. Docket Nos. 57-58. The Government called U.S. Probation Officer Johanny González-Morales and PRPB agent Alex Vázquez-Negrón. The Defendant called Rinangeny García. Documentary evidence was admitted, and arguments were heard.

### I.    Preliminary Hearing Standard

Pursuant to Rule 32.1(b)(1) of the Federal Rules of Criminal Procedure, "[i]f a person is in custody for violating a condition of probation or supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred." FED. R. CRIM. P. 32.1(b)(1)(A). The concept of probable cause is a narrow one. "[P]robable cause may be found where there is a 'fair probability,' based on the totality of the circumstances, that a

---

[1]    The motion at Docket No. 38 charged Defendant with additional violations of his conditions of supervised release. At the conclusion of the hearing and in open Court, I made a finding of no probable cause as to all other allegations in the motion. See Docket No. 58.

1

defendant committed the offense charged." United States v. Balestier-Sanches, 2014 WL 993551, at *1 (D.R.I. Mar. 13, 2014) (citing United States v. Mims, 812 F.2d 1068, 1072 (8th Cir.1987)); see also United States v. Gómez, 716 F.3d 1, 9 (1st Cir. 2013). Except for the rules on privilege, the Federal Rules of Evidence are not applicable at preliminary hearings or in revocation proceedings. FED. R. EVID. 1101(d)(3).

## II.     Discussion

As it relates to the matter at issue now, USPO González-Morales testified that she was informed by PRPB that Defendant was present during a homicide in Toa Baja on April 5, 2026. That Vázquez-Negrón of the PRPB gave her two videos and two screenshots of the scene of the crime in a pen drive and that, when she viewed both videos and screenshots, she identified Defendant at the scene of the crime.

Vázquez-Negrón testified that, on April 5, 2026, he went to a business establishment called Boca at approximately 4:00 a.m. to investigate a murder. He saw the body of the deceased in a passageway leading to an entrance of the establishment. The PRPB recovered eight (8) empty shell casings from the scene and four (4) surveillance videos. As testified by Vázquez-Negrón, the videos were made available by the owner of the establishment but downloaded by the PRPB certified technician. Once the technician downloaded the videos, he gave the videos directly to Vázquez-Negrón. The relevant portions of each of the videos were admitted into evidence and marked as Government Exhibits 1-D, 1-E, 2-F and 2-A. These are surveillance videos with images of the night and time of the incident from different angles. In conjunction, the four videos show the following.

Defendant was inside the establishment before the shooting took place. Government Exhibits 1-E and 2-A. He appears to have been trying to stop a fight between two men, one of whom was the victim. Government Exhibit 2-A. The victim was carrying a light-colored bag and a firearm in his right-hand seconds before the shooting ensued. Id. There were two weapons shot inside the establishment. Government Exhibit 1-E. Defendant came running out of the establishment just before the shooting began and fell to the ground as the shots were heard from inside. Government Exhibits 1-D and 1-F. Defendant spoke briefly to the woman identified as the victim's girlfriend, as she returned towards the victim who was on the ground. Id. Defendant ran away. Id. The angle inside the establishment shows a man shooting his weapon from the ground and dragging himself away from where the body of the victim was later found. Government Exhibit 2-A. The victim's girlfriend is seen crying for help next to where the body of the victim was found. Government Exhibits 1-D and 1-F. Defendant returned walking to the scene of the homicide less than one (1) minute after running

2

in the first place. Id. He approached the body of the deceased and rapidly bent down twice, appearing to pick something from the floor next to the deceased. Government Exhibit 1-F. He then ran away with items in each hand. Government Exhibits 1-D and 1-F.

Article 285 of the Puerto Rico Penal Code, 33 P.R. LAWS ANN. § 5378, penalizes the destruction of evidence. It provides that any person who knowingly destroys or hides any evidence that could be used in any investigation, proceeding, hearing or judicial, legislative or administrative matter, or any other proceeding authorized by law, with the purpose of impeding the use or presentation of that evidence, will be sentenced to a fixed term of imprisonment of three (3) years. Id. (our translation). Based on the totality of the circumstances and the evidence presented during the hearing, there is a fair probability that Defendant violated Article 285 of the Puerto Rico Penal Code. Defendant was identified as the person in the videos both by the USPO and Vázquez-Negrón. The video demonstrates that the victim had a bag and a firearm seconds before the murder took place. And the video clearly shows that Defendant returned to the murder scene, approached the area where the body of the victim was found, bent to pick up two items, and left running with things in his hands. The items in Defendant's hands are not entirely clear from the videos, but Vázquez-Negrón testified that he could identify a light-colored bag in one of the hands of the Defendant and a firearm in the other. See Government Exhibits 1-D and 1-F and Defendant Exhibit E. Vázquez-Negrón also testified that the victim's bag and firearm were not recovered from the murder scene.

### III.    Conclusion

I find **probable cause** that Defendant violated Mandatory Condition No. 1 and Special Condition No. 2 of his conditions of supervised release.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th of May, 2026.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge